Julio Aguilera, demandante y apelado, *v.* Ramón Pérez Lugo, Antonio Antonmattei y el Márshall de la Corte de Distrito de Ponce, demandados y apelantes.

No. 7193.—*Sometido:* Enero 13, 1936. *Resuelto:* Enero 27, 1936.

*Tomás Paz,* abogado de los apelantes; *Enrique Báez García,* abogado del apelado.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

El 20 de noviembre de 1935 se archivaron en este caso en la Secretaría de esta Corte Suprema el legajo de la sentencia certificado por los abogados de ambas partes y la transcripción de la evidencia certificada por el taquígrafo y aprobada por el juez sentenciador. El alegato de los apelantes quedó radicado el 16 de diciembre último.

En diciembre 11, 1935, el apelado presentó una moción solicitando la desestimación del recurso porque el récord había sido remitido al Supremo personalmente por el apelante y no por el Secretario de la corte sentenciadora como exige la ley y porque la transcripción del legajo de la sentencia no contiene el sello de la dicha corte sentenciadora que requiere el estatuto.

Señalada la vista de la moción para el 13 de enero de 1936, ninguna de las partes compareció. Dos días antes se había radicado una moción de los apelantes oponiéndose a la desestimación. Alegan en ella, en síntesis, que los hechos ocurrieron como sigue:

El pleito se tramitó en la Corte de Distrito de Ponce. El abogado del apelado reside en Mayagüez y el de los apelantes en Yauco. Preparada la transcripción del legajo de la sentencia por un escribiente de la secretaría de la corte sentenciadora, el apelante Antonmattei en persona la recogió y la llevó a Yauco a su abogado que la firmó y acto seguido se dirigió a Mayagüez entregándosela al abogado del apelado quien la leyó y la firmó también. Así certificada la mostró a su abogado, encomendándole éste que la llevara al secretario de la corte de distrito como inmediatamente lo hizo. El Secretario la recibió y redactó una carta dirigida al de la Corte Suprema remitiéndole el récord completo de la apelación en un sobre cerrado que le entregó para franquearlo y depositarlo en el correo como así lo hizo.

Sostienen los apelantes que se cumplió en tal virtud substancialmente con la ley, habiendo sido en verdad el Secretario el que elevó los autos de la apelación al Supremo actuando el apelante Antonmattei como su mandadero a los únicos efectos de comprar los sellos, colocarlos en el sobre y depositar éste en el correo, y sostienen además que la certificación del legajo de la sentencia no necesita el sello de la corte por haber sido expedida por los abogados de las partes y no por el secretario.

Examinemos la primera cuestión o sea la del envío a esta corte de los autos de apelación. La ley dice:

"Constituirá el récord de una apelación la certificación que libran el secretario del tribunal *a quo,* o los abogados de las partes, del legajo de la sentencia y de la notificación de la apelación, excepto en el caso de haberse aprobado una transcripción de la evidencia de acuerdo con la ley. En este caso el récord de apelación estará constituído por dicha transcripción original y por certificación de los demás documentos que constituyan el legajo de la sentencia autorizada en la forma prevista anteriormente. Será deber del apelante entregar al secretario dicha certificación autorizada por los abogados de las partes, o solicitar la misma de aquél, y dicho funcionario elevará a la Corte Suprema, sin demora alguna, el récord completo de la apelación." Leyes de 1919, pág. 677–679.

Es clara. Corresponde al secretario de la corte de distrito elevar a esta Corte Suprema la transcripción. La moción de la parte apelada no está jurada. Sí lo está la de la parte apelante. Y si los hechos ocurrieron como en ella se expresan, precisa concluir que fué el secretario el que finalmente actuó. La verdad intrínseca del contenido de la certificación no ha sido impugnada. No se dice que la transcripción del legajo de la sentencia archivada en los autos certificada por los abogados de ambas partes no sea la misma que bajo su firma certificó el propio abogado de la parte que solicita la desestimación.

■ Para sostener la necesidad del sello, invoca el apelado el artículo 20 del Código de Enjuiciamiento Civil que, en lo pertinente, ordena:

"No será necesario estampar el sello de la Corte en ningún procedimiento o documento, exceptuándose:
"1.—  .      .      .      .      .      .      .      .      .
"2.—  .      .      .      .      .      .      .      .      .
"3.—Para dar autenticidad a la copia de actuaciones u otro procedimiento de una corte, o de cualquiera de sus funcionarios o a la copia de un documento archivado en la oficina del Secretario."

No cita precedentes ni jurisprudencia algunos que apoyen su contención. Pudiera argüirse que tratándose de copias de documentos archivados en la oficina del secretario, caen las contenidas en la transcripción certificada por los abogados dentro de la letra de la ley. Sin embargo, parece que la mente del legislador estuvo fija en certificaciones expedidas por el secretario mismo y como se trata de un requisito puramente formal cuya importancia se ha ido debilitando con los tiempos (56 C. J. 890; *Allen* v. *Montgomery*, 105 S. E. 33, 35) no nos sentimos justificados en concluir que porque la certificación librada por los abogados no contenga el sello de la Corte sea una mera nulidad como sostiene el apelado. Por el hecho de que la certificación se entregue al secretario para que sea éste quien la envíe a la corte de apelación, la situación no varía, porque la ley no exige ni en su letra ni

en su espíritu que se estampe el sello de la corte en certificaciones libradas por otros entregadas al secretario.

*No ha lugar a la desestimación solicitada.*